[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has brought her complaint in two counts. The first count is against Paul R. Brown of East Haven, Connecticut and Greentrees LLC., Greentrees Development, LLC, Greentrees LTD, and Decorator Telephone Company, Inc., and is for legal services. The second count is against Paul R. Brown and Decorator Telephone Company, Inc., and is for legal services. A trial was on this matter, and the court ordered briefs.
The first count claims $4,845.70, and the second count claims $9,863.47.
There are two discrepancies in the trial. First, there is a difference of $429.43 between the bill (Exhibit 3A) and the payment (Exhibit 3A).
Second, the defendant's check in payment for copying files was made at the defendant's request. In Missouri v. Jenkins, 491 U.S. 274,109 S.Ct. 2463, 105 L.Ed.2d 229 (1989), the Supreme Court noted that "purely clerical or secretarial tasks should not be billed at a paralegal [or lawyer's] rate, regardless of who performs them . . . `[The] dollar value [of such non-legal work] is not enhanced just because a lawyer does it.' Id. at 288 n. 10, 109 S.Ct. At 24171 n. 10 (quoting Johnsonv. Georgia Highway Express, Inc., 488 F.2d 714, 717 (5th Cir. 1974)). `It simply is not reasonable for a lawyer to bill, at her regular CT Page 5254 hourly rate, for tasks that a non-attorney employed by her could perform at a much lower cost.' Davis v. City and County of SanFrancisco, 1543, (9th Cir. 1992)."
The amount charged should be $50.00 and the balance due on the fraud/foreclosure file is a credited $200.00, or $9,663.47.
The dispute is between the plaintiff and Paul Brown, as defendant. Rather than pay her bills personally, Paul Brown used two entities, Greentrees, Inc., a LLC, and Decorator Telephone, Inc. a business corporation. Two checks were drawn on Decorator Telephone Company, Inc. One was for a bill to Silver Sands Condominium in the amount of $2,984.31. The other was for the new retainer of $2,500.00. The balance of checks was drawn on Greentrees, LLC.
The defendant seems to feel that the presentment of a check to the plaintiff makes it the obligation that the plaintiff record in a certain manner. Cf. I, defendant's Post Trial Brief, "plaintiff made unilateral decision to Greentrees' money . . ."
"(f) Check means (i) a draft, other than a documentary draft, payable on demand and drawn on a bank or (ii) a cashier's check or teller's check." Sec. 42a-3-704 (f), C.G.S.
When a check was presented to the plaintiff, she had the discretion to use if for whatever she wished. Fortunately, she deposited it and gave a receipt for it.
The plaintiff may recover the amount of $4,414.57 as to the First Count as to Paul R. Brown and Greentrees, Inc., and the amount of $9,663.47 on the Second Count as to Paul R. Brown and Decorator Telephone, Inc. Interest at the starting rate shall run on the sums from May 5, 1998 until the date of judgment. Attorneys fees are awarded on the sum of the First Count in the amount of $625.00 and on the Second Count in the amount of $1,450.00.
It is further adjudged that the defendant, Paul Brown, make weekly payment of $25.00 on this judgment to the plaintiff commencing on July 1, 2000.
Robert P. Burns Judge Trial Referee